UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ESSO EXPLORATION AND PRODUCTION : 
CHAD, INC., : 06 CV 4401 (RMB)
:
       Plaintiff, :
:
       - against - : **DECLARATION OF**
: **JEREMY MARC WESSELS**
TAYLORS INTERNATIONAL SERVICES LTD., :
:
       Defendant. :
:
------------------------------------------------------------x

JEREMY MARC WESSELS declares as follows under penalties of perjury:

    1.    I am an Advocate, and in good standing, authorised to practice in the Bailiwick of Guernsey, including Alderney. I am a partner in the law firm of Ozannes, a law firm located in St. Peter Post, Guernsey, Channel Islands. I make this Declaration on the basis of personal knowledge, except where otherwise noted.

    2.    I make this Declaration in opposition to the motion of Esso Exploration and Production Chad, Inc. ("Esso Chad") to compel Taylors to produce documents and to hold Taylors International Services, Inc. ("Taylors" or the "Company") in contempt. I am fully familiar with the facts set forth herein.

    3.    The focus of my practice is litigation, liquidation (insolvency) and corporate restructuring. I received a degree in law from Southampton University in England and graduated in 1986. I was called the English Bar in 1987 and to the Guernsey Bar in 1988. I have extensive experience with liquidation and other corporate restructuring cases.

    4.    In April 2007 I was contacted by James Toynton, who had been appointed liquidator ("Liquidator") of Taylors in a liquidation proceeding in the Court of Alderney (the

"Liquidation Proceeding"). Mr. Toynton retained me to advise him in connection with the Liquidation Proceeding.

**Overview of Liquidation Proceedings in Alderney**

5.  Under the laws of Alderney, the Liquidation Proceeding is intended to effectuate an orderly wind-up of Taylors' affairs that would treat all creditors, wherever situated, equally and fairly, subject to certain rules about priority claims that do not appear to be relevant in this case.

6.  The Liquidation Proceeding is subject to the ultimate control of the Court of Alderney, and specifically a Commissioner of the Court must approve the Liquidator's financial statements and all creditors' claims and preferences before any distribution of the Company's assets can take place. Creditors may appear in court, and file applications relating to the conduct of the liquidation – they may even seek to replace the Liquidator if they are dissatisfied with his or her work. Creditors are entitled to notice of any hearing before a Commissioner of the Court, and have the right to be heard. The Court fixes the Liquidator's fees.

7.  Unlike the situation that I have been informed exists in the U.S., the filing of a liquidation proceeding does not result in an automatic stay of other proceedings. Generally, however, under Alderney law the court will stay execution proceedings by one creditor against a company in liquidation so that all claims may be resolved in the liquidation. This is an expression of the *paris passu* rule that has statutory force in Alderney pursuant to section 135 of the Companies (Alderney) Law, 1994 ("the Law"), so that the liquidation is intended to operate for the benefit of all of the creditors of the Company, wherever situated, and one creditor will not be permitted to try and steal a march on the body of creditors generally by pursuing proceedings against the company after its liquidation.

8.  There is no public funding of Liquidators or liquidation proceedings in Alderney, so the Court of Alderney would expect the debtor's creditors to supply the resources necessary to enable the Liquidator to inventory the debtor's assets if the Liquidation Proceeding is to secure a favorable result.

9.  If there is no funding to conduct an investigation of the party in liquidation, the Court would order that the company be dissolved without payment of any dividend to any creditors.

**The Function of the Liquidator**

10.  Once the Court of Alderney ordered that Taylors be wound up and appointed the Liquidator, the Liquidator stepped into the shoes of Taylors' Board of Directors and became the only person authorized to act for the company before the Court and in resolving creditors' claims. *See* section 131 of the Law, which provides that the powers of the directors cease upon the appointment of the Liquidator. The Liquidator's function also includes inspecting corporate records, ascertaining the location of corporate assets, and marshaling and/or realizing those assets for distribution to creditors.

11.  In performing these functions, the Liquidator is regarded as an agent of the Company who owes a statutory duty to wind up the affairs of the Company in accordance with Alderney law. The Liquidator will be treated as a fiduciary of the company and he owes a duty to perform his functions to the body of creditors generally. He also has the status of an officer of the Court of Alderney, so that those who impede him in the proper exercise of his functions risk being held in contempt. Accordingly, the Liquidator must not allow any one creditor to usurp his role, for fear that it will be perceived as favoring one creditor over another; the Liquidator must

always act in an unbiased way, not favoring one creditor or interest in the liquidation over another.

12. If this matter were litigated before the Court of Alderney the Liquidator would not be expected to comply with Esso Chad's demands for information. The demand runs contrary to the *pari passu* rule which is upheld by refusing creditors the opportunity to bring *ad hoc* proceedings against the Liquidator seeking information designed to improve their private prospects at the expense of the interests of the body of creditors as a whole. The point of a liquidation is to avoid a wasteful free-for-all over the assets of an insolvent company. If the matter were subject to the jurisdiction of the Court of Alderney, Esso Chad would be restrained from proceeding with their demands for information and forced to present their claim in the liquidation in the ordinary fashion. The Liquidator would then be able to realize the assets of the Company in an orderly way, using his powers for the benefit of all of the creditors of the Company, including Esso Chad.

13. Also, the Alderney court ordinarily would expect the creditors – the only ones financially interested in the outcome – to cooperate with and to supply the funding necessary so that the Liquidator can investigate and locate the company's assets. But again, this investigation would take place within the context of the Liquidation Proceeding, not by single creditors acting unilaterally in other court actions.

14. The Liquidator may distribute the proceeds from Taylors' estate upon receiving the approval of a Commissioner of the Court of Alderney who would also approve the Liquidators' accounts. Any creditor of the Company has the right to be heard before the Commissioner and can apply to the Court for the removal of the Liquidator, upon showing good cause.

## Communications with the Court

15. After Esso Chad made its motion to compel Taylors to produce documents and to hold Taylors in contempt, I responded to the Court in a letter dated June 11, 2007, making clear that the Liquidator did not have personal knowledge of the information being requested, that he did not have the resources to obtain that information, and that Esso Chad should provide the resources needed to complete the investigation, as the Alderney court expects. A copy of my letter is attached as Exhibit A.

16. I emphasized that Esso Chad should be compelled to cooperate with the Liquidation Proceeding. Specifically, I pointed out that:

> Under Alderney law, execution proceeding against a company in liquidation would normally be stayed so that such issues could be dealt with within the liquidation itself. There is no public funding of liquidations in Alderney so the Court would expect the Company's creditors (being the only parties financially interested in the outcome of the liquidation) to supply the resources necessary to enable the Liquidator to realize the Company's assets, failing which the Court would order the Company be dissolved without the payment of any dividend. *This is what will have to happen shortly in this case if none of the Company's creditors assist the liquidator by supplying him with the funding needed to liquidate the company.*" *Id.* at 2 (underlined emphasis in original, italicized emphasis added).

I declare under penalty of perjury under the laws of the Untied States of America on this 16th day of July, 2007, that the foregoing is true and correct.

_____
JEREMY WESSELS
Partner
Ozannes

*Counsel for James Toynton as Liquidator for Taylors International Services, Ltd.*

# EXHIBIT A

Case 1:06-cv-04401-RMB-MHD   Document 42   Filed 07/17/2007   Page 6 of 9

11. JUN. 2007 17:23    OZANNES                                    NO. 083    P. 1

# OZANNES

Advocates & Notaries Public  PO Box 186  1 Le Marchant Street  St. Peter Port Guernsey  GY1 4HP  Channel Islands
Telephone +44 (0) 1481 723466  Fax +44 (0) 1481 727935  Email advocates@ozannes.com  www.ozannes.com
Direct Line: +44 (0) 1481 731439  Direct Fax: +44 (0) 1481 714571  Direct E-mail: sandy.ozanne@ozannes.com

| | | | |
|---|---|---|---|
| TO: | Reagan Browne, Fulbright & Jaworski | FAX NO: | 001 713 651 5246 |
| FROM: | Sandy Ozanne | FAX NO: | +44 (0) 1481 714571 |
| OUR REF: | RGS/JMW/SO/D1471001/1862751.1  *Please quote our reference in all correspondence* | YOUR REF: | |
| PAGES: | 1 plus 2 | DATE: | 11 June 2007 |

This fax is confidential and may also be privileged. If you are not the intended recipient please notify us immediately. You should not copy this fax or use it for any purpose nor disclose its contents to any other person.

Dear Mr Browne

Re: Civil Action No. 06-CV-4401 (RMB); Esso Exploration and Production Chad, Inc. v Taylors International Services Ltd

Please find attached a copy of a letter sent by fax and mail to Honorable Theodore Katz today.

Kind regards

*[signature]*

SANDY OZANNE
PA to Jeremy Wessels

Guernsey and Jersey Lawyers                                                    Other Of

R A Perrot  G T A Bainbridge  P T R Ferbrache  P A Harwood  E A G Prentice  D C Moore  St J A Robilliard  J M Wessels  G S K Dawes  R G Shephard  G J Farrell  J E Rolan

# OZANNES

Advocates & Notaries Public  PO Box 186  1 Le Marchant Street  St Peter Port  Guernsey  GY1 4HP  Channel Islands
Telephone +44 (0) 1481 723466  Fax +44 (0) 1481 727935  Email advocates@ozannes.com  www.ozannes.com    COPY
Direct Line: +44 (0) 1481 739303  Direct Fax: +44 (0) 1481 714571  Direct E-mail: jeremy.wessels@ozannes.com

Your Ref:
Our Ref:    RGS/JMW/SO/D1471001/1861534.1                              11 June 2007

Honorable Theodore H Katz
United States District Court
Southern District of New York
United States Courthouse, Courtroom 17A
500 Pearl St., Room 1660
New York, New York 10007

By Post & Fax: 001 212 805 7932

Dear Sir

Re: Civil Action No. 06-CV-4401 (RMB): *Esso Exploration and Production Chad, Inc. v Taylors International Services Ltd*

I act for Mr James Toynton ("the Liquidator") who was appointed as the liquidator of Taylors International Services Limited ("the Company") on 18 April 2007 by the Court of Alderney in the Channel Islands.

It is, I submit, relevant to note that the Liquidator's appointment was made not on the application of the directors and/or shareholders of the Company but on the application of a creditor of the Company, namely Truebell Marketing and Trading LLC ("Truebell"). In fact, Truebell's application had originally been contested by the Company but, in the event, the Company failed to appear by Counsel on the date set down for the hearing, albeit that previously the Company had instructed Counsel and lodged evidence as to its solvency.

It follows from the above, that the Liquidator had no personal knowledge of the affairs of the Company prior to his appointment and unfortunately, since his appointment, he has not been able to realise any of the assets of the Company [if there are any] nor has he been able to locate or obtain a full set of the Company's documents in that those documents available to him in Alderney related only to certain statutory filings made on behalf of the Company.

The Liquidator has been in correspondence with Counsel representing Esso Chad but he had understood from that correspondence [and various telephone conversations] that Esso Chad recognised that the Liquidator was not currently in a position either to answer or to procure the answer to the requests for the production of certain documents and also responses to certain interrogatories (the "Requests"). Accordingly, the issue of and the contents of the Motion to Compel are a surprise to the Liquidator.

The Liquidator would be extremely pleased if the Requests would be answered by those in a position to respond to them, as that may help him in his own task of realising the Company's assets and paying the proceeds thereof to all of its creditors pro rata their claims, subject to the Alderney rules of priority etc.

The Motion to Compel appears to be predicated on the false assumption that the Liquidator currently has the means to require the Company's former officers to put the Liquidator in the position of being able to answer the Requests. This is not the case. Under Alderney

11 June 2007          **OZANNES**          Page 2 of 2

Re: Civil Action No. 06-CV-4401 (RMB); Esso Exploration and Prod ...

law, the Liquidator has various powers to obtain information; but unless he has the resources to deploy those powers they do not assist him.

Under Alderney law, execution proceeding against a company in liquidation would normally be stayed so that such issues could be dealt with within the liquidation itself. There is no public funding of liquidations in Alderney and so the Court would expect the Company's creditors (being the only parties financially interested in the outcome of the liquidation) to supply the resources necessary to enable the Liquidator to realise the Company's assets, failing which the Court would order the Company be dissolved without the payment of any dividend. This is what will have to happen shortly in this case if none of the Company's creditors assist the liquidator by supplying him with the funding needed to liquidate the company.

In response to the motion, the Liquidator has asked the former officers of the Company to provide him with certain information. If that information is forthcoming, he will forward it to Counsel for Esso Chad. The Liquidator is not, however, in a position to do anything more and, in particular, he is not in a position to take any legal proceedings against the Company's former officers to compel them to provide information and/or documents to him.

The Liquidator is willing to be of such assistance he can in relation to this matter, but he simply does not have the ability to respond to the Requests from his own knowledge, or to procure a response from his resources and, accordingly, the Liquidator respectfully asks that his status as Liquidator of the Company be fully recognised both in law and also as a matter of practicality; Esso Chad ought to cooperate with and fund the Liquidator to equip him to make all necessary inquires about the assets of the Company, not expect the Liquidator to produce information and documents that he plainly does not have and cannot ever hope to procure without genuine help and assistance of the Company's creditors.

Yours faithfully

JEREMY WESSELS
Partner

R. Browne, Fulbright & Jaworski L.L.P.